NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0485n.06
Filed: July 9, 2007

Case No. 05-1829

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DARLENE FLOWERS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| HONIGMAN, MILLER, SCHWARTZ AND | ) | **DISTRICT OF MICHIGAN** |
| COHN LLP, a Michigan limited liability | ) | |
| partnership, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: KENNEDY, BATCHELDER and CLAY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Darlene Flowers appeals the district court's

grant of summary judgment to her former employer, Honigman, Miller, Schwartz and Cohn LLP

("Honigman"), in this action brought under the Family and Medical Leave Act of 1993 (FMLA), 29

U.S.C. §§ 2611-2654. Ms. Flowers claims that Honigman terminated her employment in retaliation

for her taking FMLA time to care for her mother and husband.

The district court, after reviewing the record before it, concluded that Ms. Flowers failed to

provide any evidence to suggest that Honigman's decision to terminate her was pretext for

retaliation.

We have undertaken a *de novo* review of the record, applicable law, and the parties' briefs.

We conclude that the district court's opinion correctly sets out and applies to the undisputed facts

the law governing FMLA retaliation claims, and that the issuance of a full written opinion by this court would serve no useful purpose.  Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.